JS - 6
**FILED: 4/13/12**
cc: see G - 75 attached

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Lavarro Taylor and Teresa Delphine Taylor,* | **CASE NO. EDCV 11-1879-GHK** |
| Debtors, | **MEMORANDUM** |
| *Lavarro Taylor, et al.,* | |
| Debtors/Appellants, | |
| v. | |
| *Rod Danielson,* | |
| Trustee/Appellee. | |

This matter is before us on Appellants Lavarro Taylor and Teresa Delphine Taylor's ("Appellants") Appeal from Bankruptcy Court ("Appeal"). We have jurisdiction pursuant to 28 U.S.C. § 158(a)(1). We have considered the papers filed in support of and in opposition to this Appeal and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts of this case, we will repeat them only as necessary.

## I. Background

On May 11, 2011, Appellants filed a voluntary petition for bankruptcy protection under Chapter 13 of the Bankruptcy Code. (Excerpts of Record ("ER") 1). In their Chapter 13 plan ("Plan"), Appellants proposed to cure the arrearage owed on their home mortgage. (ER 3-4). On June 29, 2011, the Bankruptcy Court held a confirmation hearing regarding Appellants' Plan. During the hearing, the Bankruptcy Court expressed concern that the Plan "seem[ed] unfeasible on its face." (ER 3). Nonetheless, Appellants' attorney represented that the Plan was feasible, stating: "[T]here is definitely enough income over expenses to make the plan feasible. I would ask that [Appellants] be given a chance by the Court either to confirm it today or put it out to October." (ER 5).

The Bankruptcy Court continued the confirmation hearing to October 5, 2011. At the same time, the court issued an "OSC re dismissal of the case as of October 5th." (ER 5). The court explained that if Appellants failed to make their Plan payments or post-petition mortgage payments until the next hearing, or if they failed to comply with the provisions of the Local Bankruptcy Rules, the Federal Rules of Bankruptcy Procedure, or the Bankruptcy Code, the case would be dismissed with a bar to refiling. (ER 5).

On October 4, 2011, Appellants filed a "Notice of Conversion of Bankruptcy Case from Chapter 13 to Chapter 7" ("Notice of Conversion"). (ER 11). On October 5, 2011, the Bankruptcy Court held the rescheduled confirmation hearing. At the hearing, Appellants' attorney promptly informed the court that the case "was . . . converted to Chapter 7 yesterday." (ER 13). The court responded: "No, it wasn't. Confirmation denied. Case dismissed. 109(g) applies." (ER 13). The purported reason for dismissal was Appellants' failure to make payments and failure to timely file a secured debt payment history declaration. (ER 13).

## II. Question Presented

According to Appellants, this Appeal presents a single question: "Did the [Bankruptcy Court] err in denying the effect of [Appellants'] Notice of Conversion from chapter 13 to chapter 7 and subsequently dismissing [Appellants'] chapter 13 case?" (Appellants Opening Brief ("AOB") 2).

## II. Standard of Review

We review the Bankruptcy Court's "findings of fact for clear error and its conclusions of law de novo." *In re Jan Weildert RV, Inc.*, 315 F.3d 1192, 1196 (9th Cir. 2003). The Bankruptcy Court's alleged failure to give effect to Appellants' Notice of Conversion presents a legal question that is subject to de novo review.

## III. Discussion

Appellants argue that 11 U.S.C. § 1307(a) provides debtors an "absolute right" to convert a case filed under Chapter 13 to a Chapter 7 proceeding and, therefore, the Bankruptcy Court erred in denying the effect of their Notice of Conversion and subsequently dismissing their Chapter 13 case. In the alternative they argue that even if the right to convert under § 1307(a) is not absolute, and can be forfeited by bad-faith conduct, the Bankruptcy Court still erred in dismissing the case because it did not make any explicit finding of bad faith.

Section 1307(a), which governs conversion of Chapter 13 cases, provides: "The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable." "Bankruptcy courts within the Ninth Circuit have historically considered the right to convert from chapter 13 to chapter 7 as 'absolute' . . . ." *In re DeFrantz*, 454 B.R. 108, 113 (B.A.P. 9th Cir. 2011) (collecting cases). However, "[w]hether the right to convert from chapter 13 to chapter 7 is truly 'absolute' has been called into question by the Supreme Court's decision in *Marrama* [*v. Citizens Bank of Mass.*, 549 U.S. 365 (2007)]." *Id.*

3

In *Marrama*, the Court examined 11 U.S.C. § 706(a), which allows a debtor to convert a case commenced under Chapter 7 to a Chapter 13 proceeding. The language of § 706(a) is nearly identical to that of § 1307(a).[1] Although some courts had previously treated the right to convert under § 706(a), like the right to convert under § 1307(a), as absolute, in *Marrama* the Court held that the right to convert from Chapter 7 to Chapter 13 could be forfeited by bad-faith conduct. 549 U.S. at 1111-12. The Court's decision rested largely on its construction of the language of § 706(d) in conjunction with § 1307(c). Under § 706(d), a Chapter 7 debtor may not convert to another chapter through § 706(a) "unless the debtor may be a debtor under such chapter." Under § 1307(c), a bankruptcy court may dismiss a Chapter 13 proceeding or convert it to Chapter 7 "for cause,"[2] which courts have "routinely" interpreted to include bad-faith conduct. *Marrama*, 549 U.S. at 373. Reading these two provisions together, the Court reasoned that a Chapter 7 debtor who has proceeded in bad faith and wishes to convert his case to Chapter 13 is not eligible to "be a debtor" under Chapter 13 because his case would be subject to dismissal or reconversion to Chapter 7 pursuant to § 1307(c). *Id.* at 373-74 ("In practical effect, a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of prepetition bad-faith conduct, including fraudulent acts committed in an earlier Chapter 7 proceeding, is tantamount to a ruling that the individual

---

[1] Section 706(a) provides: "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable."

[2] Section 1307(c) provides, in relevant part: "[O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." Although the statute provides for conversion "on request of a party . . . or the . . . trustee," the Ninth Circuit has concluded that the Bankruptcy Court may also convert or dismiss on its own motion. *In re Rosson*, 545 F.3d 764, 771 n.8 (9th Cir. 2008).

1  does not qualify as a debtor under Chapter 7."). Thus the Court concluded that "[t]he text
2  of § 706(d) . . . provides adequate authority for the denial of [a] motion to convert [on the
3  grounds of bad faith]." *Id.* at 374. Finally, the Court emphasized that "the broad
4  authority granted to bankruptcy judges to take any action that is necessary or appropriate
5  'to prevent an abuse of process' described in § 105(a) of the Cod . . . is . . . adequate to
6  authorize an immediate denial of a motion to convert filed under § 706 in lieu of a
7  conversion order that merely postpones the allowance of equivalent relief and may
8  provide a debtor with an opportunity to take action prejudicial to creditors." *Id.* at 375.

9      One year later, in *In re Rosson*, 545 F.3d 764 (9th Cir. 2008), the Ninth Circuit
10 held that *Marrama*'s "rejection of the 'absolute right' theory as to § 706(a) applies
11 equally to § 1307(b)," the provision which provides debtors the right to voluntarily
12 dismiss a case filed under Chapter 13.[3] *Id.* at 773. In sum, the Court held that "in light of
13 *Marrama* . . . , the debtor's right of voluntary dismissal under § 1307(b) is not absolute,
14 but qualified by the authority of a bankruptcy court to deny dismissal on grounds of bad-
15 faith conduct or 'to prevent abuse of process.'" *Id.* at 773-74.

16     Nearly three years after the Ninth Circuit issued its decision in *In re Rosson*, the
17 Bankruptcy Appellate Panel ("BAP") of the Ninth Circuit addressed the question posed
18 in the instant case: "whether a debtor's right to convert from chapter 13 to chapter 7
19 under § 1307(a) is 'absolute.'" *In re DeFrantz*, 454 B.R. at 114. The BAP recognized
20 that the decisions in *Marrama* and *In re Rosson* called into question whether the right to
21 convert from Chapter 13 to Chapter 7 is absolute, but also noted that neither decision
22 directly controlled the issue. Relying on the differences between a conversion from
23 Chapter 13 to Chapter 7 and the situations presented in *Marrama* (a conversion from

---

[3] Section 1307(b) provides: "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable."

Chapter 7 to Chapter 13)[4] and *In re Rosson* (a dismissal of a Chapter 13 case), the court concluded that the right to convert provided in § 1307(a) is in fact absolute. *Id.*

The Court reasoned that the *Marrama* analysis was inapplicable because when converting to Chapter 7 "the court retains jurisdiction over the debtor and the debtor's estate" and thus "the court has continuing power to address any improprieties that may result from the change in the nature of the proceedings." *Id.* Put another way, when converting to Chapter 7 the debtor cannot "escape the consequences of bad faith conduct or for abuse of process." *Id.* ("[I]f bad faith is involved, chapter 7 debtors may be denied a discharge for engaging in improper conduct under § 727, including § 727(a)(4)(A) (authorizing denial of discharge for making false oath or account). There is also the possibility that a debtor may face criminal penalties under 18 U.S.C. § 152 for knowingly and fraudulently making a false oath or account in or in relation to any case under title 11."). By contrast, when a Chapter 13 case is dismissed under § 1307(b), the court loses jurisdiction over the debtor. Similarly, as noted by the Court in *Marrama*, when a debtor converts from Chapter 7 to Chapter 13, the debtor regains possession of the property from the trustee and thus has an "opportunity . . . to take actions that would impair the rights of creditors." *Marrama*, 549 U.S. at 375 n.13. Because these concerns are not present when a debtor converts from Chapter 13 to Chapter 7, the BAP concluded that a debtor has an absolute right to convert his case under § 1307(a). *In re DeFrantz*, 454 B.R. at 114; *see also In re Boni*, No. 07-00128, 2001 WL 6257202, at *2 (Bankr. D.D.C. Dec. 15, 2011) ("As to the issue of potential debtor action prejudicial to creditors, that does not exist upon a conversion to chapter 7: in contrast to a conversion from chapter 7 to chapter 13, in which the chapter 7 trustee loses control of the property of the estate and the debtor is granted possession of the property of the estate pursuant to 11 U.S.C. §

---

[4] "Under Chapter 7 the debtor's nonexempt assets are controlled by the bankruptcy trustee; under Chapter 13 the debtor retains possession of his property." *Marrama*, 549 U.S. at 367.

6

1306(b), the conversion to chapter 7 does not place the debtor in a position to take actions prejudicial to creditors.").

Finally, the BAP suggested that reaching a contrary conclusion would create an irreconcilable conflict between § 1307(a) and the Federal Rules of Bankruptcy Procedure, which "recognize the differences between a conversion from chapter 7 to chapter 13 and vice versa." *In re DeFrantz*, 454 B.R. at 114. Under Rule 1017(f)(2), conversion from Chapter 7 to Chapter 13 under § 706(a) "shall be on motion filed and served as required by Rule 9013."[5] "Thus, before conversion under § 706(a), a court must have the opportunity to scrutinize the request." *In re DeFrantz*, 454 B.R. at 114. By contrast, under Rule 1017(f)(3) a "chapter 13 case shall be converted without court order when the debtor files a notice of conversion under . . . [§] 1307(a). The filing date of the notice becomes the date of the conversion order . . . ." *See also* Fed. R. Bankr. P. 1017(f)(3) advisory committee notes (1987) ("Conversion of a chapter 13 case to a chapter 7 case as authorized by § 1307(a) is accomplished by the filing of a notice of conversion."). Therefore, the Rule treats a debtor's right to convert under § 1307(a) as absolute insofar as it does not require notice or a hearing before the right may be exercised and does not provide the court with an opportunity to scrutinize the conversion.

In this case, Appellants recognize that *In re DeFrantz* is not binding on this Court, *see Bank of Maui v. Estate Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir. 1990), but nonetheless urge us to adopt its reasoning and hold that a debtor's right to convert under § 1307(a) is absolute. In opposition, the Chapter 13 Trustee argues that the BAP's reasoning in *In re DeFrantz* is incorrect and that this case is governed by *Marrama*.

While BAP decisions are not binding on this Court, we find the reasoning of *In re DeFrantz* to be persuasive and adopt it. *See In re Cardelucci*, 285 F.3d 1231, 1234 (9th

---

[5] Rule 1017(f)(2) also governs dismissal under § 1307(b) and requires that it "shall be on motion filed and served as required by Rule 9013."

Cir. 2002) (noting that BAP decisions are not binding, but nonetheless adopting the BAP's persuasive reasoning). Specifically, we conclude that *Marrama* does not directly control this case because it addressed a different, albeit similar, statutory provision. Moreover, we conclude that *Marrama*'s reasoning does not directly translate to conversions under § 1307(a) because there is no cause for concern that a debtor may use that provision to "escape the consequences of bad faith conduct or for abuse of process." *In re DeFrantz*, 454 B.R. at 114. Accordingly, we conclude that a Chapter 13 debtor's right to convert to Chapter 7 is absolute. Therefore, the Bankruptcy Court erred in failing to give effect to Appellants' Notice of Conversion and subsequently dismissing Appellants' Chapter 13 case.

**IV.  Conclusion**

The Bankruptcy Court's October 5, 2011 Order dismissing Appellants' case is **REVERSED**. This matter is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this Memorandum.

**IT IS SO ORDERED**.

DATED: April 13, 2012

_____
GEORGE H. KING
United States District Judge

# NOTICE PARTY SERVICE LIST

**Case No.** _____    **Case Title** _____

**Title of Document** _____

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | Interpreter Section |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |

| | |
|---|---|
| | Statistics Clerk |
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| | *ADD NEW NOTICE PARTY* (if sending by fax, mailing address must also be provided) |
|---|---|
| Name: | |
| Firm: | |
| Address (*include suite or floor*): | |
| | |
| *E-mail: | |
| *Fax No.: | |

\* For CIVIL cases only

| *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|
| |
| |
| |
| |

**Initials of Deputy Clerk** _____